■ DAVID CROMWELL, Respondent, v ROBERT B. MARCUS et al., Appellants.—Order, Supreme Court, New York County (David Saxe, J.), entered on July 26, 1989, which denied defendants' motion to disqualify the law firm of Carney & Wilson, Esq. and/or James F. Carney, Esq. (the Carney firm)

from representing plaintiff, unanimously affirmed, without costs.

Defendants Robert B. Marcus and Metnick & Bernstein, P. C. seek to disqualify the Carney firm from representing plaintiff, who is employed as a messenger in the Carney firm, in the underlying action wherein plaintiff sought to recover monetary damages from the defendants for an alleged assault and for racial discrimination.

Specifically, the defendants, a law firm and an associate attorney at that firm, assert that disqualification of plaintiff's counsel is mandated by the fact that the underlying action was allegedly instituted in an attempt to retaliate against defendants because defendants obtained a verdict in favor of their client in a prior personal injury action defended by plaintiff's present counsel, the Carney firm.

The denial of defendants' disqualification motion was proper in that defendants failed to demonstrate that counsel should be called as a witness at trial and that the testimony was not merely relevant or highly useful, but necessary. *(See, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445-446.)

Here, the record reveals that none of plaintiff's attorneys witnessed the alleged assault, nor would they be able to testify at trial as to damages allegedly sustained by the plaintiff. Concur—Ross, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.